UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80076-CIV-COHN/SELTZER

JOSEPH ERIC PELUSO, III,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S
## MOTION TO DISMISS FIRST AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendant United States of America's ("Government's") Motion to Dismiss First Amended Complaint [DE 42] ("Motion to Dismiss"). The Court has considered the Motion to Dismiss, Plaintiff Joseph Eric Peluso, III's Response [DE 44], the Government's Reply [DE 49], the record in this case, and is otherwise advised in the premises.

### I. BACKGROUND

On January 6, 2010, Plaintiff filed his *pro se* Complaint [DE 1] ("Original Complaint")[1] pertaining to his incarceration with the Federal Bureau of Prisons ("BOP") in Miami, Florida.[2] On September 7, 2010, the Court granted the Government's Motion to Dismiss Plaintiff's Complaint [DE 20] ("Order Granting Motion to Dismiss"), and

---

[1] Plaintiff originally filed this action in the United States Court of Federal Claims, but the action was transferred to this Court on January 22, 2010. See Transfer Order [DE 1-1].

[2] Plaintiff later filed two other Federal Tort Claims Act ("FTCA") cases related to his incarceration in Forrest City, Arkansas: Case No. 10-81151-CIV and Case No. 10-81152-CIV.

permitted leave to amend. Thereafter, Plaintiff retained counsel, who filed Plaintiff's First Amended Complaint [DE 39] on December 10, 2010.

Plaintiff brings his claims under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 *et seq.* ("FTCA"). Specifically, he alleges tort violations based on various Government employees' conduct, including:

- "stripp[ing Plaintiff] naked . . . depriv[ing him] of showering and basic hygiene essentials, [isolating him] in a cell with extremely cold temperatures . . . [and] manipulat[ing] the light and sound associated with Plaintiff's cell by covering up the hole to his cell," First. Am. Compl. ¶¶ 10-11;

- "taint[ing] Plaintiff's meals, including placing large insects in Plaintiff's food trays," id. ¶ 12;

- "caus[ing] Plaintiff's sink to stop dispensing drinking water . . . [and] caus[ing] Plaintiff's toilet to become inoperable for extended periods of time," id. ¶¶ 13-14;

- "caus[ing] noxious and poisonous fumes to be forced into Plaintiff's solitary cell," id. ¶ 15;

- "caus[ing] Plaintiff to be shot with a high pressure water from a gas operated high pressure washer, . . . [and keeping him] in the wet clothing in an extremely cold cell for extended periods of time," id. ¶ 16; and

- "order[ing] Plaintiff to solitary confinement with no legal basis or legitimate explanation . . . in order to retaliate against Plaintiff for complaining about the Defendant's employees violations of the law," id. ¶ 12.

Plaintiff further claims sexual harassment by one Government employee, Gary Casteel, who allegedly "grabbed Plaintiff's nipple, and twisted it," id. ¶ 22, and made a number of "perverse, sexually harassing comments to Plaintiff," id. ¶ 20; see also id. ¶¶ 19, 21. Finally, Plaintiff alleges that Government employees retaliated against him for speaking out by ordering him to solitary confinement and manipulating records. Id. ¶¶ 8, 9, 17.

Based on these allegations Plaintiff filed his First Amended Complaint, seeking damages. On December 23, 2010, the Government moved to dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

2

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) lies for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). As courts of limited jurisdiction, federal courts may only hear cases that the Constitution and Congress have empowered them to resolve. See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008). Though the United States, as a sovereign, is generally immune from suit, United States v. Sherwood, 312 U.S. 584, 586-88 (1941), Congress, in passing the FTCA, granted jurisdiction to the district courts with respect to certain claims, FDIC v. Meyer, 510 U.S. 471, 477 (1994). Specifically, the FTCA "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." Id. at 475. A waiver of sovereign immunity, such as this, must be express and cannot be implied. See Lane v. Pena, 518 U.S. 187, 192 (1996). Courts construe broadly the exceptions to the waiver of sovereign immunity, and resolve any ambiguities in favor of the Government. Id.

## III. ANALYSIS

The Government's Motion to Dismiss argues that: (1) the First Amended Complaint is untimely because it was filed after the FTCA's statute of limitations expired; and (2) the Government has sovereign immunity from Plaintiff's single count for cruel and unusual punishment under the Eighth Amendment. As discussed below, the Court finds that the First Amended Complaint is not untimely because it relates back to the date the Original Complaint was filed. However, the Court will dismiss the constitutional tort claims and sexual harassment claim based on sovereign immunity.

3

Further, as any remaining claims fail to comply with Federal Rule of Civil Procedure 10(b), these claims will be dismissed with leave to amend.

### A. Timeliness

The FTCA's statute of limitations states, "A tort claim against the United States shall be forever barred unless it is . . . begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). The BOP denied Plaintiff's administrative claim on July 2, 2009, in a letter that was sent to Plaintiff by certified mail on July 7, 2009. See Exhibit A to Motion to Dismiss [DE 42-1]. Plaintiff therefore had six months from July 7, 2009 to bring his tort claims. See § 2401(b). He filed the Original Complaint on January 6, 2010, which was within six months of July 7, 2009. Thus, the action was timely commenced.

When the Court dismissed the Original Complaint, the dismissal was without prejudice and with leave to amend. See Order Granting Mot. to Dismiss at 5. Thereafter, the Court granted a series of motions for extension of time [DE's 22, 31, 35, 38], the last of which, DE 38, allowed Plaintiff until December 10, 2010 to file his First Amended Complaint. The First Amended Complaint was filed on December 10, 2010, which was within the Court's set deadlines.

Though the First Amended Complaint was filed outside of the statute of limitations, Federal Rule of Civil Procedure 15 can save an otherwise untimely amended pleading. Specifically, Rule 15 allows the amended pleading to "relate[] back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be

4

set out—in the original pleading . . ." Fed. R. Civ. P. 15(c)(1)(B). Therefore, to the extent that the First Amended Complaint meet Rule 15(c)'s relation back requirements, the pleading relates back to January 6, 2010, and will be considered timely.

The United States Supreme Court has cautioned that Rule 15(c)'s "conduct, transaction, or occurrence" test should not be defined "at too high a level of generality," Mayle v. Felix, 545 U.S. 644, 661-62 (2005), but an amended pleading should relate back if it states "claims that are tied to a common core of operative facts," id. at 664. Amended pleadings relate back if their claims arise from the same conduct as the original pleading "in both time and type." Davenport v. United States, 217 F.3d 1341, 1346 (11th Cir. 2000) (applying test derived from Eighth Circuit, Fourth Circuit, and Third Circuit caselaw); see also Moore v. Baker, 989 F.2d 1129, 1132 (11th Cir. 1993). Though Rule 15(c) "contemplates that parties may correct technical deficiencies or expand facts alleged in the original pleading, it does not permit an entirely different transaction to be alleged by amendment." Dean v. United States, 278 F.3d 1218, 1221 (11th Cir. 2002). "The critical issue . . . is whether the original complaint gave notice to the defendant of the claim now being asserted." Moore, 989 F.2d at 1131.

The Court finds that the Original Complaint provided ample notice of the claims asserted in the First Amended Complaint, because the amended allegations and original allegations are "tied to a common core of operative facts." Mayle, 545 U.S. at 661-62. Reading the *pro se* Complaint liberally, as the Court is required to do, Haines v. Kerner, 404 U.S. 519, 519 (1972), the Original Complaint brought claims arising out of Plaintiff's alleged mistreatment during his incarceration in Miami. The allegations put the Government on notice of certain potential claims arising out of Government

5

employees' actions toward Plaintiff during that time period. Because the details were insufficient, the Court dismissed that Complaint, but allowed amendment. In its Order, the Court stated that "[a]t a minimum, Plaintiff must provide a general description of the employee(s) who allegedly took these actions." Order Granting Mot. to Dismiss at 5. The First Amended Complaint properly names the employees who performed the alleged actions at the same facility, during the same period initially pled, and merely expands the factual details in the defective Original Complaint. See First Am. Compl.; see also Dean, 278 F.3d at 1221 (expanding facts is permitted). Thus, the amended allegations arise from the same conduct as the original pleading "in both time and type." See Davenport, 217 F.3d at 1345. Accordingly, the amended allegations arise out of the conduct, transaction, or occurrence alleged, or at least attempted to be alleged, in Plaintiff's Original Complaint. Under Rule 15(c), the First Amended Complaint therefore relates back to the date the Original Complaint was filed, so the First Amended Complaint will not be dismissed as untimely.

### B. Constitutional Claims

The "United States has not rendered itself liable under § 1346(b) for constitutional tort claims." FDIC v. Meyer, 510 U.S. 471, 478 (1994); McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986) (federal constitutional tort claims are not within scope of the FTCA). As a result, the Government retains its sovereign immunity over federal constitutional torts. McCollum, 794 F.2d at 608; see also Meyer, 510 U.S. at 478. To state a constitutional tort claim for retaliation based on a First Amendment violation, "a prisoner need not allege violation of a separate and distinct constitutional right . . . . The gist of a retaliation claim is that a prisoner is penalized for exercising the

6

right of free speech." Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) (quotation omitted). Similarly, a constitutional claim based on an Eighth Amendment violation is also not cognizable under the FTCA. See Trupei v. United States, 239 F. App'x 489, 493-94 (11th Cir. 2007) (citing McCollum, 794 F.2d at 608).

Plaintiff's retaliation claim alleges that Government employees "retaliated against Plaintiff for speaking out and exposing Defendant's corruption and violations of the law." First Am. Compl. ¶ 8. Though the First Amended Complaint does not expressly identify the retaliation claim as a First Amendment claim, Plaintiff's argument centers around allegations that he was penalized for exercising his right to free speech. Accordingly, the retaliation claim is based on a First Amendment violation. See Mitchell, 112 F.3d at 1490; see also Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). To the extent that Plaintiff brings claims based on his Eighth Amendment right to be free from cruel and unusual punishment, such a claim is also a constitutional tort claim. Because constitutional claims such as those based on First and Eighth Amendment violations are not cognizable under the FTCA, see Trupei, 239 F. App'x at 493-94; Mitchell, 112 F.3d at 1490, these claims will be dismissed.

### C. Sexual Harassment Claim

Distinct from his constitutional claims, Plaintiff also purports to allege a claim for sexual harassment based on Mr. Casteel's "grabb[ing] Plaintiff's nipple, and twist[ing] it," First Am. Compl. ¶ 22, and making a number of harassing comments to Plaintiff, id. ¶ 20. The FTCA only allows suits for torts committed by a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "The general rule is that sexual harassment by a supervisor is not conduct within the scope of

employment." Burlington Indus. v. Ellerth, 524 U.S. 742, 757 (1998) (citing various FTCA cases). Therefore, sexual harassment amounting to assault and battery normally does not fall under the FTCA, and the Government generally retains its sovereign immunity for sexual harassment claims.[3]

The First Amended Complaint does state that the alleged conduct "occurred while [the] employees were acting *within the course and scope of their employment* with Defendant," First Am. Compl. ¶ 3 (emphasis added), but such a general and conclusory allegation is insufficient. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to plead such a claim can result in dismissal for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted). Plaintiff has not demonstrated entitlement to relief on his sexual harassment claim as he has not pled any specific facts rendering his case an exception to the general rule that sexual harassment "is not conduct within the scope of employment." Burlington Indus., 524 U.S. at 757. Therefore, Plaintiff's sexual harassment claim will be dismissed without prejudice, and with leave to amend to properly state a claim upon which relief can be granted.

---

[3] In Plaintiff's Response, he does not contend otherwise, but instead argues that "[s]exual harassment can fairly be read to state a claim for intentional infliction of emotional distress." Resp. ¶ 14.

### D. Remaining Claims

In addition to the constitutional tort claims and sexual harassment claim, Plaintiff maintains that he has also alleged: (1) intentional infliction of emotional distress; (2) negligence; (3) negligent supervision; (4) negligent hiring; (5) battery; (6) assault; and (7) invasion of privacy under Florida law. Resp. ¶ 11. However, the First Amended Complaint does not plead these claims adequately.

Under the form of pleading requirements in Federal Rule of Civil Procedure 10, "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . ." Fed. R. Civ. P. 10(b). Plaintiff's First Amended Complaint does not specify separate numbered counts for these claims, nor does it otherwise distinguished one claim from the next. The paragraphs are not limited to a single set of circumstances. Rather, the pleading lumps together all factual allegations and circumstances into one set of 29-paragraphs, intertwining the purported claims. Such a pleading fails to comply with Rule 10(b). See Fed. R. Civ. P. 10(b). Accordingly, the Complaint will be dismissed without prejudice, with leave to amend the above-named claims in a manner that complies with Rule 10(b).

Finally, the Court cautions Plaintiff that failure to comply with the Federal Rules or with this Order may result in dismissal of his Second Amended Complaint with prejudice. See Doe v. Cassel, 403 F.3d 986, 989-90 (8th Cir. 2005) (district court was within its discretion when it dismissed complaint with prejudice under Rule 41(b), after plaintiff failed to comply with court's order to clarify allegations); Frederiksen v. City of

9

Lockport, 384 F.3d 437, 439 (7th Cir. 2004) (district court was within its discretion when it dismissed complaint with prejudice after plaintiffs continually failed to comply with Rule 10(b)).

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant United States of America's Motion to Dismiss First Amended Complaint [DE 42] is **GRANTED**;

2. Plaintiff's First Amended Complaint Under the Federal Tort Claims Act [DE 39] is **DISMISSED without prejudice**, with leave to file a Second Amended Complaint **by no later than March 23, 2011**;

3. Failure to file a Second Amended Complaint by the March 23rd deadline may result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 8th day of March, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF